Abu Bakry LY, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–1229–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

Bibiana C. Andrade, Esq., Franklin Square, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lyle D. Jentzer, Assistant Director, John G. Amaya, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Abu Bakry Ly, a claimed citizen of Sierra Leone, seeks review of a February 26, 2007 order of the BIA affirming the February 22, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abu Bakry Ly,* No. A78 645 868 (B.I.A. Feb. 26, 2007), *aff'g* No. A78 645 868 (Immig. Ct. N.Y. City Feb. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi*

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

In this case, the IJ's adverse credibility determination is supported by substantial evidence. *See Secaida–Rosales v. INS,* 331 F.3d 297, 309 (2d Cir.2003). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).

While some of the inconsistencies identified by the IJ may be minor when considered in isolation, the IJ did not err in concluding that the inconsistencies in the aggregate undermine Ly's credibility. *Id.* For example, Ly's testimony that he received medical treatment shortly after his arrival in Conakry, Guinea is inconsistent with other testimony he gave that he left Sierra Leone on November 11, 1999, and his medical record that states he received treatment for his injuries on January 5, 2000. Likewise, although Ly's medical records corroborated his testimony that he received injuries to his face, Ly omitted completely from his testimony any mention of the back contusions and whip marks for which he also received treatment according to the records. Furthermore, with respect to Ly's inability to identify the two groups he encountered as the rebels and the ECOMOG soldiers, the IJ had reason to be concerned by the fact that Ly did not demonstrate the same level of understanding of events in his testimony as in his asylum application.

In addition, the IJ's reliance on the findings of the forensic analyst who examined Ly's identification card was reasonable. Ly argues that the analyst's report should not be credited because she had only scanned images of Sierra Leone identification documents, rather than genuine exemplars, against which to compare Ly's card. However, the analyst testified that she had worked with African documents and, specifically, with documents from Sierra Leone for five years. Moreover, many of the forensic analyst's findings, including her finding that the photograph on the identification card was a composite, depended upon microscopic and visual examinations of the document itself, rather than a comparison with genuine exemplars. It was thus reasonable for the IJ to credit the analyst's conclusion that Ly's identification card was fraudulent and to question Ly's credibility as a whole on that basis. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006); *Matter of O–D–,* 21 I. & N. Dec. 1079, 1082 (B.I.A.1998).

Accordingly, the inconsistencies in the record and the forensic finding that Ly's identification card was fraudulent constituted substantial evidence for the IJ finding that Ly was not credible and for denying his asylum claim. Because the only evidence of a threat to Ly's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Ly's claim for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.